IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| JOHN CORBETT, | ) | |
|     Petitioner, | ) | |
| | ) | |
|     v. | ) | Civil Action No. 05-86 |
| | ) | Judge Gary L. Lancaster |
| JAMES L. GRACE, | ) | Magistrate Judge Lenihan |
|     Respondent. | ) | |

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

**I.    RECOMMENDATION**

It is respectfully recommended that the Petition for Writ of Habeas Corpus be denied and that a certificate of appealability be denied.

**II.    REPORT**

Petitioner, John Corbett, a state prisoner incarcerated at the State Correctional Institution at Huntingdon, Pennsylvania, has filed a Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254, wherein he complains that his sentences should be recalculated as running concurrently instead of consecutively. For the reasons that follow, Petitioner has failed to state a claim upon which this court can grant habeas corpus relief under 28 U.S.C. § 2254.

### A. Relevant Procedural History

On July 20, 1987, Petitioner pleaded guilty to two counts each of Rape, Statutory Rape, Involuntary Deviate Sexual Intercourse (IDSI), Indecent Assault and Corruption of Minors before the Honorable Robert E. Dauer in the Court of Common Pleas of Allegheny County. On December 7, 1987, Judge Dauer sentenced Petitioner to ten (10) to twenty (20) years for each Rape conviction and five (5) to ten (10) years for each IDSI conviction, all sentences to run

consecutively to each other; no further sentences were imposed for the remaining charges. In total, Petitioner was sentenced to an aggregate term of imprisonment of from thirty (30) to sixty (60) years.

On June 23, 2003, Petitioner filed a Petition for Writ of Mandamus to Correct Illegal Sentence. Because Judge Dauer was deceased, the case became assigned to the Honorable Lawrence O'Toole. In his Motion, Petitioner argued that his sentence was ambiguous because it could not be determined whether the sentences were to run concurrently or consecutively. On September 4, 2004, Judge O'Toole denied Petitioner's motion because, contrary to Petitioner's allegations, the record was clear that Judge Dauer imposed the sentences to run consecutive to each other. Petitioner did not file any appeal from this determination. Instead, he filed this federal habeas corpus action in the United States District Court for the Middle District of Pennsylvania on December 6, 2004. Subsequently, that Court transferred the Petition to this District where Petitioner is confined.

B. The Imposition of Consecutive Sentences

Petitioner's claim challenges the legality of his consecutive sentences. Petitioner is not entitled to habeas corpus relief with respect to this claim as he has failed to allege the denial of any federal constitutional right. In this regard, a state prisoner may seek federal habeas corpus relief only if he is in custody in violation of the Constitution or federal law. Smith v. Phillips, 455 U.S. 209 (1982); Geschwendt v. Ryan, 967 F.2d 877 (3d Cir.), *cert. denied*, 506 U.S. 977 (1992); Zettlemoyer v. Fulcomer, 923 F.2d 284 (3d Cir.), *cert. denied*, 502 U.S. 902 (1991). Thus, a writ of habeas corpus is available under 28 U.S.C. § 2254(a) only on the basis of some transgression of federal law binding on the state courts. Engle v. Isaac, 456 U.S. 107, 119

(1982). Violations of state law or procedural rules alone are not a sufficient basis for providing federal habeas corpus relief. *Id*. Thus, a writ of habeas corpus is not available when a state prisoner merely alleges that something in the state proceedings was contrary to general notions of fairness or violated some federal procedural right unless the Constitution or other federal law specifically protects against the alleged unfairness or guarantees the procedural right in the state courts.

Generally, sentencing is a matter of state criminal procedure and does not fall within the purview of federal habeas corpus. Wooten v. Bomar, 361 U.S. 888 (1959). As such, a federal court normally will not review a state sentencing determination that falls within the statutory limit, Williams v. Duckworth, 738 F.2d 828, 831 (7th Cir. 1984), as the severity of a sentence alone does not provide a basis for habeas relief. Smith v. Wainwright, 664 F.2d 1194 (11th Cir. 1981) (holding that a sentence imposed within the statutory limits can not be attacked in habeas proceeding). *Accord* Gleason v. Welborn, 42 F.3d 1107, 1112 (7th Cir. 1994) (internal citation omitted), *cert. denied*, 514 U.S. 1109 (1995); Walker v. Endell, 850 F.2d 470, 476 (9th Cir. 1987), *cert. denied*, 488 U.S. 926 (1988); Mira v. Marshall, 806 F.2d 636, 639 (6th Cir. 1986); United States v. Myers, 374 F.2d 707 (3d Cir. 1967).[1] Thus, unless an issue of constitutional dimension is implicated in a sentencing argument, this Court is without power to grant habeas relief. United States v. Addonizio, 442 U.S. 178, 186 (1979) (noting that a criminal sentence was not subject to collateral attack unless the sentencing court lacked jurisdiction to impose it or

---

[1] *See also* Medina v. Artuz, 872 F. Supp. 1258 (S.D.N.Y. 1995) (no showing that the sentence was grossly inappropriate to the crime so as to present a federal constitutional question).

committed a constitutional error that made the sentence or underlying conviction fundamentally unfair).

A sentence violates the Eighth Amendment of the Constitution only when it is extreme and "grossly disproportionate to the crime." Harmelin v. Michigan, 501 U.S. 957, 1001 (1991) (Kennedy, J., concurring) ("The Eighth Amendment does not require strict proportionality between crime and sentence. Rather, it forbids only extreme sentences that are grossly disproportionate to the crime.") (citation omitted).  Moreover, it is firmly established that mere discrepancy in the sentences imposed upon two similarly-situated individuals does not constitute a violation of equal protection. Dorszynski v. United States, 418 U.S. 424 (1974); United States v. Palma, 760 F.2d 475 (3d Cir. 1985).

In the case at bar, Petitioner does not allege that the sentencing court lacked jurisdiction or committed a constitutional error making the sentence fundamentally unfair.  Instead, he complains that the judge should have imposed his sentences to run concurrently instead of consecutively.  However, because the imposition of consecutive sentences in Pennsylvania is within the sound discretion of the court,[2] Petitioner's claim does not raise any constitutional question. *See, e.g.*, Souch v. Schaivo, 289 F.3d 616 (9th Cir. 2002) (holding that neither an alleged abuse of discretion by the trial court in choosing consecutive sentences, nor the trial court's alleged failure to list its reasons for imposing consecutive sentences, being errors under state law, could form the basis for federal habeas relief); Cacoperdo v. Demosthenes, 37 F.3d

---

[2] *See* Commonwealth v. Burkhardt, 526 Pa. 341, 586 A.2d 375 (1991); Commonwealth v. Hoag, 445 Pa. Super. 455, 665 A.2d 1212 (1995) (generally, in imposing a sentence, court has discretion to determine whether to make it concurrent with or consecutive to other sentences then being imposed or other sentences previously imposed).

504, 507 (9th Cir.1994) (concluding, where Nevada prisoner challenged state trial court imposition of consecutive sentences without explanation, "[t]he decision whether to impose sentences concurrently or consecutively is a matter of state criminal procedure and is not within the purview of federal habeas corpus"); Herrera v. Artuz, 171 F.Supp.2d 146 (S.D.N.Y. 2001) (holding that state court's decision to impose consecutive sentences did not warrant federal habeas relief, even where prosecution had recommended concurrent sentences, where sentence was within the range prescribed by state statute and the trial court had discretion to impose consecutive terms).[3]  Consequently, Petitioner has failed to show that he is entitled to habeas corpus relief with respect to his sentencing claim.

### C. Certificate of Appealability

The Antiterrorism and Effective Death Penalty Act of 1996 included several major reforms to the federal habeas corpus laws.  Section 102 of the Act (28 U.S.C. § 2253(c) (as amended)) codifies standards governing the issuance of a certificate of appealability for appellate review of a district court's disposition of a habeas petition.  Amended section 2253 provides that "[a] certificate of appealability may issue . . . only if the applicant has made a substantial showing of the denial of a constitutional right."  In the case at bar, Petitioner has not made any showing that he has been denied any of his constitutional rights.  Accordingly, a certificate of appealability should be denied.

### III.    CONCLUSION

---

[3] Moreover, where the court has discretion to impose concurrent sentences, the failure to warn of its possible imposition does not render a guilty plea involuntary.  United States v. Kikuyama, 109 F.3d 536 (9th Cir. 1997); Barbee v. Ruth, 678 F.2d 634, 635 (5th Cir. 1982).

It is recommended that the Petition for Writ of Habeas Corpus be denied and that a certificate of appealability be denied.

In accordance with the Magistrates Act, 28 U.S.C. § 636(b)(1)(B) and (C), and Rule 72.1.4(B) of the Local Rules for Magistrates, the parties are allowed ten (10) days from the date of service to file objections to this report and recommendation. Any party opposing the objections shall have seven (7) days from the date of service of objections to respond thereto. Failure to file timely objections may constitute a waiver of any appellate rights.

 s/Lisa Pupo Lenihan
Lisa Pupo Lenihan
U.S. Magistrate Judge

Dated: February 7, 2006


cc:    The Honorable Gary L. Lancaster
       United States District Judge

       JOHN CORBETT, AJ-0999
       SCI Huntingdon
       1100 Pike Street
       Huntingdon, PA 16654-1112

       Kemal Alexander Mericli
       Susan Forney
       Robert S. Englesberg
       Office of Attorney General
       Fifth Floor, Manor Complex
       564 Forbes Avenue
       Pittsburgh, PA 15219